IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



BYRON BROWN,

    Petitioner,

v.                                Civil Action No. 3:19CV287

HAROLD CLARKE,

    Respondent.

## MEMORANDUM OPINION

Byron Brown, a Virginia inmate proceeding pro se, submitted a 28 U.S.C. § 2254 petition (hereinafter "§ 2254 Petition," ECF No. 1). Following a guilty plea, Brown was convicted in the Circuit Court for the County of Henrico of petit larceny, third or subsequent offense. (ECF No. 16-3, at 1.) Brown contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim One | "Counsel told the court before sentencing that Petitioner was convicted of murder and abduction before sentencing." (§ 2254 Pet. 4.)[1] |
| Claim Two | "Counsel fail[ed] to investigate another man being arrested for this crime." (Id.) |
| Claim Three | Counsel misled Brown and caused Brown to plead guilty. Counsel failed to show Brown a video of Brown in the store. (Id. at 4-5.) |
| Claim Four | "Counsel misled the Court when he stated that Petitioner had just come out of the Hanover Court for larceny, when in fact he hadn't." (Id. at 5.) |

---

[1] The Court corrects the capitalization, spelling, and punctuation in quotations from Brown's submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

Respondent has moved to dismiss. Respondent, however, fails to acknowledge and address Claim Four. For the reasons set forth below, the Motion to Dismiss (ECF No. 14) will be granted with respect to Claims One through Three. Respondent will be directed to file a further response with respect to Claim Four.

### I. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

3

A.  **Guilt Related Claims**

In Claim Three, Brown contends that counsel misled him and caused him to plead guilty by suggesting there was video surveillance footage of Brown in the store. This claim lacks factual and legal merit. The record reflects that there was video surveillance footage of Brown in the Walmart. Specifically, in rejecting this claim on state habeas, the Supreme Court of Virginia found:

> [T]his . . . claim satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript, the affidavit of Adam M. Jurach, trial counsel, and the Commonwealth's discovery response, demonstrates that after the trial court conducted a plea colloquy with petitioner and accepted his guilty plea, the prosecutor summarized the evidence against petitioner. The prosecutor stated that on October 8, 2017, William Jahnke, a Walmart loss prevention officer, saw petitioner steal a cart full of merchandise. Jahnke was unable to stop petitioner, but he reviewed surveillance video of the incident. On December 8, 2017, Jahnke saw petitioner in the store again and called police. The prosecutor stated petitioner was identified as the person who shoplifted from the store on October 8. Counsel agreed the prosecutor accurately summarized the evidence against petitioner, and, based on this proffer, the trial court found petitioner guilty.
> Furthermore, the evidence produced to counsel during discovery indicated the Commonwealth had surveillance video and a still photograph of the October 8 incident, and that Jahnke relied on these materials to identify petitioner as the perpetrator. Counsel apprised petitioner of this evidence and obtained a copy of the photograph, which he shared with petitioner. Counsel was not ineffective for sharing the information he received in discovery with petitioner. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he

4

would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

(ECF No. 16-3, at 1-2.) The Court discerns nothing unreasonable about the Supreme Court of Virginia's rejection of this claim. See 28 U.S.C. § 2254(d)(1)-(2). The record indicates there was video footage of Brown's crime. Thus, counsel did not mislead Brown and Brown fails to demonstrate any reasonable probability that he would have pled not guilty and proceeded to trial. Accordingly, Claim Three will be dismissed.

In Claim Two, Brown faults counsel for failing to investigate that another individual initially had been arrested for the crime. In his sworn statement, counsel explained that:

> An inquiry was made with respect to the other individual who was arrested for the October 8, 2017 offense and the Police Officers, Commonwealth's Attorney, and the Loss Prevention Officer indicated another individual had mistakenly been arrested for the October 8, 2017 offense and after realizing the error they immediately withdrew the charge. I shared all of this information with Mr. Brown [including] a color photo of him pushing a cart out of the Walmart on October 8, 2017. After our discussion, Mr. Brown decided to waive his preliminary hearing and enter a plea of guilty to the charge.

(ECF No. 19-1, at 2.) It is plain that further investigation would not have yielded anything of exculpatory value because the record reflects, and Brown admitted under oath, that Brown was the individual William Jahnke observed stealing from Walmart on

5

October 8, 2017. Because Brown fails to demonstrate deficiency or prejudice, Claim Two will be dismissed.

B. **Sentencing Related Claims**

In Claim One, Brown faults counsel for informing the Circuit Court that Brown previously had been convicted of murder and abduction. As explained by the Supreme Court of Virginia, this claim lacks merit:

> The record, including the trial and sentencing transcript, [trial counsel's] affidavit and petitioner's criminal record, demonstrates that after the trial court accepted petitioner's guilty plea and convicted him of the offense, petitioner waived his right to a presentence report and the court proceeded to sentence petitioner. The sentencing guidelines for petitioner's offense provided a range of one year and ten months to [] four years and eight months, with a mid-point of three years and seven months. The prosecutor explained the sentencing ranges were high for petit larceny because of petitioner's numerous prior convictions, including for abduction and murder, and requested the court to sentence petitioner within the guidelines. In arguing the trial court should depart from the guidelines and place petitioner in a Salvation Army diversion program, counsel explained that petitioner had been convicted of murder and abduction as an "extremely young man" and served a long sentence, during which time he developed a substance abuse problem that had gone untreated. Petitioner was convicted on January 31, 1979 in the Circuit Court of Henrico County of first-degree murder and abduction. The prosecutor's and counsel's references to these convictions were accurate, and counsel discussed these convictions only to argue for a less severe sentence. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(ECF No. 16-3, at 2-3.) Because it was inevitable that the Circuit Court would learn of Brown's prior convictions for murder and

6

abduction, counsel acted reasonably in mentioning the convictions and attempting to persuade the Circuit Court that they had inappropriately skewed Brown's sentencing guidelines. Because Brown fails to demonstrate any deficiency, Claim One will be dismissed.

In Claim Four, Brown complains that "Counsel misled the Court when he stated that Petitioner had just come out of the Hanover Court for larceny, when in fact he hadn't." (§ 2254 Pet. 5.) At sentencing on <u>May 31, 2018</u>, counsel informed the Circuit Court that Brown

> just came out of Hanover County where he was convicted of a larceny there as well where he was given a ten-year sentence with nine years six months suspended, so as an active six month sentence and they had ordered him to participate in and complete the Salvation Army program.

(ECF No. 16-2, at 12.)[2]

A review of the case management system for the Hanover Circuit Court reflects this was not an accurate statement of Brown's conviction in that Court as he pled guilty to shoplifting in violation of section 18.2-103 of the Virginia Code on <u>June 13, 2018</u>, and was sentenced to ten years of imprisonment with nine years suspended.[3] As noted above, Respondent has not addressed

---

[2] Counsel apparently made this argument in an effort to encourage the Circuit Court to impose a similar lenient sentence.

[3] See http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Hanover Circuit Court" from drop-down menu and select "Begin" button; type

7

this claim. Accordingly, within thirty (30) days of the date of entry hereof, Respondent will be directed to file a further response addressing Claim Four.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 14) will be granted with respect to Claim One through Three. Within thirty (30) days of the date of entry hereof, Respondent shall file a further response addressing Claim Four. Brown's MOTION TO GRANT PETITION (ECF No. 19) will be denied.

The Clerk is directed to send a copy of Memorandum Opinion to Brown and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 11, 2020

---

"Brown, Byron," and then follow "Search by Name" button; then follow hyperlinks for "CR18000047-00"). "The Circuit Court's docket is accessible through the Virginia Judicial System Website. Federal Courts in the Eastern District of Virginia regularly take judicial notice of the information contained on this website." McClain v. Clarke, No. 3:13CV324, 2013 WL 6713177, at *1 n.6 (E.D. Va. Dec. 18, 2013) (citations omitted).

8