IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BYRON BROWN,

     Petitioner,

v.                            Civil Action No. 3:19CV287

HAROLD W. CLARKE,

     Respondent.

## MEMORANDUM OPINION

Byron Brown, a Virginia state prisoner proceeding pro se, brought this petition pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging his conviction following a guilty plea for petit larceny, third, or subsequent offense in the Circuit Court for the County of Henrico, Virginia ("Circuit Court").

## I.  PROCEDURAL HISTORY

Brown alleged four separate claims for relief. (Id. at 4-5.)[1]  By Memorandum Order entered on February 11, 2020, the Court granted Respondent's Motion to Dismiss with Respect to Claims One, Two, and Three. (ECF No. 22, at 2, 8.)

With respect to Claim Four, the Court observed:

Brown complains that "Counsel misled the Court when he stated that Petitioner had just come out of the Hanover Court for larceny, when in fact he hadn't." (§ 2254

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions.

Pet. 5.)  At sentencing on <u>May 31, 2018</u>, counsel informed the Circuit Court that Brown

> just came out of Hanover County where he was convicted of a larceny . . . he was given a ten-year sentence with nine years six months suspended, . . . an active six month sentence and they had ordered him to participate in and complete the Salvation Army program.

(ECF No. 16-2, at 12.)[2]

A review of the case management system for the Hanover Circuit Court reflects this was not an accurate statement of Brown's conviction in that Court as he pled guilty to shoplifting in violation of section 18.2-103 of the Virginia Code on <u>June 13, 2018</u>, and was sentenced to ten years of imprisonment with nine years suspended.[3] As noted above, Respondent has not addressed this claim. Accordingly, . . . Respondent will be directed to file a further response addressing Claim Four.

(ECF No. 22, at 7-8.)

Respondent filed a supplemental brief in which he asserts that Claim Four is procedurally defaulted and must be dismissed because Brown failed to present it "to the highest state court." (ECF No. 24, at 4.)  Brown filed a reply.  (ECF No. 26.)  Given

---

[2] Counsel apparently made this argument in an effort to encourage the Circuit Court to impose a similar lenient sentence.

[3] See        http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Hanover Circuit Court" from drop-down menu and select "Begin" button; type "Brown, Byron," and then follow "Search by Name" button; then follow hyperlinks for "CR18000047-00"). "The Circuit Court's docket is accessible through the Virginia Judicial System Website. Federal Courts in the Eastern District of Virginia regularly take judicial notice of the information contained on this website." <u>McClain v. Clarke</u>, No. 3:13CV324, 2013 WL 6713177, at *1 n.6 (E.D. Va. Dec. 18, 2013) (citations omitted).

the lack of merit of Claim Four and the current state of the law, judicial efficiency dictates simply proceeding to the merits of Claim Four rather than discussing procedural default principles and then deciding whether review is warranted.  See Martinez v. Ryan, 566 U.S. 1, 21-22 (2012) (Scalia, J., dissenting) (observing that as "a consequence of today's decision the States will always be forced to litigate in federal habeas, for all defaulted ineffective-assistance-of-trial-counsel claims (and who knows what other claims) . . . the validity of the defaulted claim (where collateral-review counsel was not appointed)"); Farthing v. Beale, No. 3:16CV759-HEH, 2017 WL 2927975, at *3 (E.D. Va. July 7, 2017) (following a similar procedure).

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"  Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there

3

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011) (citing Strickland, 466 U.S. at 693)). In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697. That is the case here.[4]

In this instance, the Court need not decide whether counsel's statements to the Circuit Court constituted deficient performance because Brown has failed to demonstrate that he suffered any prejudice as a result. Strickland, 466 U.S. at 697. Simply put, Brown has failed to show any link between counsel's statements and

---

[4] It is undisputed that trial counsel made incorrect representations of fact to the Circuit Court about Brown's criminal proceedings in Hanover County. (ECF No. 24, at 6.) First, counsel told the Circuit Court that Brown had been sentenced in Hanover County before Brown actually received his sentence. See supra at 2. Second, counsel told the Circuit Court that Brown had been convicted of larceny, when, in fact, he had been convicted of shoplifting. (Id.) Third, counsel told the Circuit Court that Brown received a sentence that was six months shorter than the sentence that he eventually received. (Id.)

any negative consequences that he would not have otherwise suffered.

Upon pleading guilty, Brown faced a maximum of five years of incarceration. (ECF No. 16-2, at 6.) Brown's guidelines called for a sentence between one year, ten months and four years, eight months. (ECF No. 16, at 8.) At one point during the proceedings, the prosecutor commented that Brown's guidelines were "probably the highest I've ever seen for a petty larceny [third or subsequent offence] conviction." (ECF No. 16-2, at 10.) The Circuit Court responded, "[w]ell, that's because of his priors, obviously." (Id. at 11.)

After being informed of Brown's record by the prosecutor, the Circuit Court summarily rejected defense counsel's recommendation that Brown be allowed to participate in the Salvation Army program that he had requested. (Id. at 10.) The prosecutor summarized Brown's criminal record by saying "[h]e's done every kind of offense," including "abduction and murder," "distribution of narcotics," and "larceny upon larceny upon larceny." (Id.)

In pronouncing its sentence, the Court said:

> Mr. Brown, you've been in and out of jail like a revolving door. And you've been given many chances. I counted seven larcenies, not including all your drug convictions, not including the murder and the abduction. And you've been given a lot of chances, and you haven't taken advantage of them. I'm going to give a program for you but you're going to be incarcerated for the program. . . .
> . . . .

> [You are sentenced to] [f]ive years in the Department of
> Corrections with one year suspended for twenty.  You
> serve four years with us. . . . I'm going to recommend
> the ORBIT program to you.  So you can take advantage of
> that program.  But I want you incarcerated.  I want you
> to, you need some structure.  And I don't think the
> Salvation Army program is the structure you need.  You
> need more of a thumb on your shoulders.

(Id. at 14-15.)

It is apparent that the Circuit Court was far more concerned with Brown's prior criminal record, which is extensive, than with what may or may not have been occurring in a contemporaneous criminal proceeding in a neighboring jurisdiction.  Indeed, Brown's Hanover County proceedings do not appear to have factored into the Circuit Court's analysis in the slightest.  In any event, Brown has utterly failed to point to anything in the record to indicate otherwise.  Thus, Brown has failed to demonstrate that he suffered any prejudice as a result of counsel's statements.  Accordingly, Claim Four will be DISMISSED.

### III.   CONCLUSION

Brown's § 2254 Petition (ECF No. 1) will be denied.  Brown's Motion to Grant [Petition] In Part (ECF No. 26) will be denied.  The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893-94 (1983)). Brown fails to meet this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and the accompanying Order to Brown and counsel of record.

It is so ORDERED.

_____ /s/ _____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 1, 2021